AUSTIN B. KENNEY (State Bar No. 242277)
abk@severson.com
MATTHEW J. ESPOSITO (State Bar No. 223445)
mje@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendants CHEX
SYSTEMS, INC. and BANK OF
AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BRIAN HOROWITZ,<br><br>             Plaintiff,<br><br>      vs.<br><br>CHEX SYSTEMS, INC., a foreign corporation, and BANK OF AMERICA, N.A., a foreign corporation,<br><br>             Defendants. | Case No. 8:22-cv-02002-DFM<br><br>*Assigned for all purposes to Hon. Douglas F. McCormick*<br><br>**DECLARATION OF AUSTIN B. KENNEY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>*Filed concurrently with Memorandum of Points and Authorities; Statement of Genuine Disputes*<br><br>Date:     March 19, 2024<br>Time:     10:00 a.m.<br>Crtrm.:  6B, 6th Floor<br><br>Trial Date:     May 7, 2024 |

70014.0757/16726441.1

DECLARATION OF AUSTIN B. KENNEY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, Austin B. Kenney, declare and state as follows:

1.    I am a duly licensed attorney admitted to practice law in all of the courts in California. I am a Member with Severson & Werson, A Professional Corporation, attorneys for Defendants CHEX SYSTEMS, INC. ("Chex") and BANK OF AMERICA, N.A. ("BANA") (collectively, "Defendants") in this case. I have reviewed the case file with respect to this lawsuit. I have personal knowledge of the facts set forth in this declaration and if called as a witness, I could and would competently testify thereto.

2.    On August 10, 2023, Plaintiff's counsel took the deposition of BANA employee Kevin Williams. A true and correct copy of selected pages from the reporter's transcript of the deposition of Kevin Williams containing testimony referenced in the accompanying motion papers, are attached hereto as **Exhibit 1**.

3.    On August 24, 2023, Plaintiff's counsel took the deposition of Chex employee Sarah Cables. A true and correct copy of selected pages from the reporter's transcript of the deposition of Sarah Cables containing testimony referenced in the accompanying motion papers, are attached hereto as **Exhibit 2**.

4.    On August 31, 2023, Plaintiff's counsel took the deposition of BANA employee Christopher Thompson. A true and correct copy of selected pages from the reporter's transcript of the deposition of Christopher Thompson containing testimony referenced in the accompanying motion papers, are attached hereto as **Exhibit 3**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

70014.0757/16726441.1

2

DECLARATION OF AUSTIN B. KENNEY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

5. On November 7, 2023, Defendants' counsel took the deposition of Plaintiff. A true and correct copy of selected pages from the reporter's transcript of the deposition of Plaintiff containing testimony referenced in the accompanying motion papers, are attached hereto as **Exhibit 4**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This Declaration was executed on February 27, 2024, in Irvine, California.

_____
Austin B. Kenney

70014.0757/16726441.1

3

# EXHIBIT 1

# In the Matter Of:

## HOROWITZ vs CHEX SYSTEMS

8:22-cv-02002-DFM

## KEVIN WILLIAMS

*August 10, 2023*

*30(b)(6), Confidential*



800.211.DEPO (3376)
*EsquireSolutions.com*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

BRIAN HOROWITZ,

     Plaintiff,

  vs.            CASE NO.:  8:22-cv-02002-DFM

CHEX SYSTEMS, INC., et al.,

     Defendants.

_____

CONFIDENTIAL

VIDEOCONFERENCE DEPOSITION OF

KEVIN WILLIAMS

August 10, 2023

11:05 a.m.

Remote Proceeding

Jacksonville, Florida

Devyn Williams
Notary Public
Commission No. 2441296



APPEARANCES OF COUNSEL

On behalf of the Plaintiff, Brian Horowitz:

     MARK L. JAVITCH, ESQ.
     JAVITCH LAW OFFICE
     3 East 3rd Avenue
     Suite 200
     San Mateo, California 94401
     (650) 781-8000
     mark@javitchlawoffice.com

     - and -

     GARY NITZKIN, ESQ.
     CREDIT REPAIR LAWYERS OF AMERICA
     3355 Lenox Road Northeast
     Suite 750
     Atlanta, Georgia 30326
     (404) 591-6680
     gnitzkin@creditor-law.com


On behalf of Defendants, Chex Systems and
Bank of America:
     SAM R. MELAMED, ESQ.
     SEVERSON & WERSON, PC
     19100 Von Karman Avenue
     Suite 700
     Irvine, California 92612
     (949) 442-7110
     srm@severson.com



INDEX TO EXAMINATION


EXAMINATION                                                              PAGE

Examination by Mr. Javitch                                                  5

INDEX OF EXHIBITS

PLAINTIFF'S      DESCRIPTION                              PAGE

Exhibit 1        Copy of Cashier's Check                  12

Exhibit 2        Plaintiff's account statement for        14
                 1/9/18 to 2/5/18
Exhibit 3        Deposit Ticket                           16

Exhibit 4        Copy of Stop Payment                     17

Exhibit 5        Plaintiff's account statement for        22
                 2/6/18 to 3/8/18
Exhibit 6        Plaintiff's account statement for        24
                 5/9/18 to 6/7/18
Exhibit 7        Chex Systems report                      26

Exhibit 8        Chex Systems Reinvestigation Form        28

Exhibit 9        Document Bates stamped BANA_145 to       33
                 BANA_148
Exhibit 10       E-mail chain beginning 1/31/21           36

Exhibit 11       Letter dated 1/5/22                       58

Exhibit 12       Letter dated 9/30/22                      65

Exhibit 13       E-mail chain beginning 3/22/23           70

Exhibit 14       Notice of Deposition                     37

          (Exhibits 1 through 14 were attached to the

    original transcript.)



THE REPORTER:  We are now on the record at 11:05 a.m. Pacific Standard Time [sic] on August 10, 2023, to take the deposition of Kevin Williams, who is 30(b)(6) for Bank of America, in the case Brian Horowitz vs. Chex Systems and Bank of America.

My name is Devyn Williams, a notary public in the state of California, commission number 2441296, expiring 3/14/27.  I will be capturing the verbatim record of today's proceeding using electronic audio equipment, a computer and specialized recording software, which is not a form a stenography.

The witness is located in Jacksonville, Florida, and has confirmed his identity with a Florida driver's license.

Will everyone in attendance, Counsel, please identify yourselves for the record and just state who you represent.

MR. JAVITCH:  My name is Mark Javitch.  And I represent plaintiff, Brian Horowitz.  And I'm from Javitch Law Office.

MR. NITZKIN:  I'm Gary Nitzkin.  We're forwarding counsel on this case representing plaintiff.

MR. MELAMED:  My name is Sam Melamed.  I'm from the law firm of Severson & Werson.  We represent defendants Bank of America and Chex Systems, Inc.



THE REPORTER:  Perfect.  Thank you so much for that, Counsel.

And just absent any objection on the record before the witness is sworn, all parties understand and agree to this electronic means of capturing the record, that I will be swearing in the witness remotely, and that any certified transcript produced from the virtual recording of this proceeding is intended for all uses permitted under all applicable rules and laws.

Mr. Williams, please raise your right hand to be sworn.

KEVIN WILLIAMS,

having been first duly sworn, testified as follows:

THE REPORTER:  And Counsel, you may now proceed.

EXAMINATION

BY MR. JAVITCH:

Q.   Okay.  Can you please state your name for the record.

A.   Kevin Williams.

BY THEH WITNESS:

Q.   And spell your name for the record.

A.   K-E-V-I-N, W-I-L-L-I-A-M-S.

MR. MELAMED:  Mark, before we get underway, can we get those stipulations and agreements on the



Q.   And what reinvestigation was undertaken in response to that request?

A.   Well, you spoke with both Michael and Carly (phonetic) previously.  That's my understanding.  And the information that they shared with you were the results of the work that they did to address the two disputes or reinvestigations that came from Chex to Bank of America.

Q.   Okay.  But you said you have knowledge of the actual reinvestigation process and procedures actually undertaken by the defendant in connection with any dispute to any information furnished by the deponent to Chex.

A.   I did.  But that -- forgive me, but I didn't memorize what they did.  And I feel like I don't know how to answer that question.  I'm sorry.  I don't know exactly step by step, keystroke by keystroke what they did.  If you want me to go over a generic description of what a reinvestigation is, I can help you with that.

Q.   What do you know about the reinvestigation that was done?

A.   It's a vague question.  I'm going to have to give you a vague answer.  I apologize.  In a general scenario, Chex is notified by a client that they have concerns with a decision that was made that resulted in



negative reporting.  So Chex asks us, through that reinvestigation process, to take a look to see if there's anything that would change our original decision.  And the information that I've seen there was no additional information that was provided that was actionable.  It was just simply Mr. Horowitz saying, It wasn't me.  It was Union Bank.

There's really nothing actionable there.  There's nothing that was taken -- that we could take back to the fraud investigation team to say based on this new information, would the original decision change.

So we thoroughly reviewed the details, as I'm sure that Mike and Carly reviewed with you, that were provided.  Nothing was new.  We confronted the original decision that was made in the risk and fraud space stands based on the addition of no new information to consider.  And that information was communicated back to Chex, that based on what we've been provided, there's no reason to change our original decision.

Q.  Okay.  But you said it was -- it was vague, but you -- or we're just asking you about number 8, which is your knowledge of the actual knowledge of the reinvestigation procedures actually undertaken in this case.  What were they?



CERTIFICATE OF REPORTER

I, Devyn Williams, a Notary Public in and for the State of California, do hereby certify:

That the foregoing witness was duly sworn; that the proceeding took place before me at the time and place herein set forth; that the testimony and proceedings were accurately captured by me with annotations using electronic recording means not related to stenography.

I further certify that I am not related to any of the parties to this action by blood or marriage, and that I am in no way interested in the outcome of this matter.

IN WITNESS THEREOF, I have hereunto set my hand this 22nd day of August 2023.

_____
Devyn Williams
Notary Commission California/2441296
Commission Expires:  March 14, 2027



CERTIFICATE OF CSR TRANSCRIPTIONIST

I, Kari D. Frillici, Certified Shorthand Reporter, do hereby certify:

That the foregoing is a complete and true transcription of the original digital audio recording of the proceedings captured in the above-entitled matter.  As the CSR transcriptionist/scopist, I have reviewed the entirety of the original digital audio recording of the proceeding to ensure a verbatim record to the best of my ability.

I further certify that I am neither attorney for nor a relative or employee of any of the parties to the action; further, that I am not a relative or employee of any attorney employed by the parties hereto, nor financially or otherwise interested in the outcome of this matter.

IN WITNESS THEREOF, I have hereunto set my hand this 24th day of August 2023.

*Kari Frillici*

_____
Kari D. Frillici, CSR
California



# EXHIBIT 2

# In the Matter Of:

## HOROWITZ vs CHEX SYSTEMS

8:22-cv-02002-DFM

# SARAH CABLES

*August 24, 2023*



800.211.DEPO (3376)
*EsquireSolutions.com*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

BRIAN HOROWITZ,                  )
                                 )
          Plaintiff,             )   Case No. 8:22-cv-02002-DFM
                                 )
     vs.                         )
                                 )
CHEX SYSTEMS, INC., et al.,      )
                                 )
          Defendants.            )


CONFIDENTIAL

VIDEOCONFERENCE DEPOSITION OF

SARAH CABLES

Thursday, August 24 2023

10:12 a.m.


Remote Proceeding
St. Petersburg, Florida



Matthew Miller
Notary Public
Commission No. 2405828



                       APPEARANCES OF COUNSEL

On behalf of Plaintiff, Brian Horowitz:

     MARK JAVITCH, ESQ.
     JAVITCH LAW OFFICE
     3 East 3rd Avenue
     Suite 200
     San Mateo, California 94401
     650-781-8000
     mark@javitchlawoffice.com
     APPEARED VIA VIDEOCONFERENCE

     GARY NITZKIN, ESQ.
     CREDIT REPAIR LAWYERS OF AMERICA
     39111 Six Mile Road
     Suite 142
     Livonia, Michigan 48152
     248-353-2882
     gnitzkin@creditor-law.com
     APPEARED VIA VIDEOCONFERENCE


On behalf of Defendants, ChexSystems, Inc. and Bank of
America National Association:

     SAMUEL MELAMED, ESQ.
     SEVERSON & WERSON, P.C.
     595 Market Street
     Suite 2600
     San Francisco, California 94105
     415-398-3344
     srm@severson.com
     APPEARED VIA VIDEOCONFERENCE

     CHRISTOPHER WINTER, ESQ.
     P.O. Box 27170
     Washington, D.C. 20038
     christopher.winter@fisglobal.com
     APPEARED VIA VIDEOCONFERENCE



                        INDEX TO EXAMINATION

EXAMINATION OF SARAH CABLES                                    PAGE

Direct Examination by MR. JAVITCH                               7


                        INDEX TO EXHIBITS

            PLAINTIFF EXHIBITS FOR IDENTIFICATION:

NUMBER            DESCRIPTION                              PAGE

Exhibit 1         Consumer electronic file, 8-5-2021        13

Exhibit 2         ChexSystems Global Investigation          14
                  Procedure Manual 5.4

Exhibit 3         ChexSystems Global Investigation          14
                  Procedure Manual 5.6

Exhibit 4         ChexSystems' answers to interrogatories   20

Exhibit 5         ChexSystems' report on Mr. Horowitz       20
                  dated August 5, 2021

Exhibit 6         Dispute report                            29

Exhibit 7         ChexSystems' response dated August 17,    31
                  2021

Exhibit 8         ChexSystems' Request for Reinvestigation  32

Exhibit 9         Bank of America's response to request     36
                  for reinvestigation

Exhibit 10        Consumer Electronic File                  38

Exhibit 11        Letter to ChexSystems dated               62
                  September 30, 2022

Exhibit 12        OnlineCertifiedMail History               63



Exhibit 13      Request for reinvestigation                65

Exhibit 14      Response from Bank of America              67



THE REPORTER:  We are now on the record at 10:12 a.m. Pacific Time on August 24th, 2023, to take the deposition of Sarah Cables in the case Brian Horowitz versus ChexSystems, Inc., et al.

My name is Matthew Miller, a notary public in the state of California.  I will be capturing the verbatim record of today's proceeding using electronic audio equipment, a computer, and a specialized recording software, which is not a form of stenography.

The witness is located in St. Petersburg, Florida, and has confirmed her identity with a Florida driver's license.  Will everyone in attendance please identify yourself for the record and state who you represent.

MR. JAVITCH:  Mark Javitch on behalf of Plaintiff, Brian Horowitz.

MR. NITZKIN:  Gary Nitzkin forwarding counsel for Credit Repair Lawyers of America.

MR. MELAMED:  Sam Melamed, counsel for Defendants, ChexSystems, Inc., and Bank of America National Association.

THE REPORTER:  Absent any objection on the record before the witness is sworn, all parties understand and agree to this electronic means of capturing the record, that I will be swearing in the



witness remotely, and that any certified transcript produced from the virtual recording of this proceeding is intended for all uses permitted under all applicable rules and laws.

Hearing no objection, I will now swear in the witness.  Ms. Cables, will you raise your right hand.

SARAH CABLES, having been first duly sworn, testified as follows:

THE REPORTER:  Thank you.  Counsel, you may proceed.

MR. JAVITCH:  Sam.

MR. MELAMED:  We have a few stipulations we'd like to get on the record before we get underway. First, we'd like the entire transcript and all exhibits from today's deposition marked as confidential. Second, well, Mark, is that so stipulated?

MR. JAVITCH:  So stipulated.

MR. MELAMED:  Okay.  Second, in terms of the objections in today's deposition, parties have agreed that the objecting party shall refrain from using speaking objections.  Rather, the objecting party will simply say objection form, objection to form, objection.  Doing so does not waive any objections to the question or answer going forward.

MR. JAVITCH:  So stipulated.



Q.    So it's possible that it may not rise to the level of suspected fraud activity?

MR. MELAMED:  Objection.

THE WITNESS:  It could be.  And it could be possible it does rise to the level of suspected fraud activity.

BY MR. JAVITCH:

Q.    Indeed, in Mr. Horowitz's dispute of September 2021, he informed Chex that Union Bank issued a stop payment on a cashier's check through no fault of his own and that Union Bank made the check good as it was Union Bank's fault alone that the stop payment order was issued.  Did you have any reason to dispute that?

A.    Did I have any reason to dispute that?  I'm not sure I understand what you mean by that.

Q.    Well, Mr. Horowitz informed Chex that Union Bank issued a stop payment on a cashier's check through no fault of his own and that Union Bank made the check good as it was Union Bank's fault alone that the stop payment order was issued.  Did you have any reason to dispute that?

MR. MELAMED:  Objection.

THE WITNESS:  No, I mean -- but we just provide the information to Bank of America to verify



Case 8:22-cv-02002-DFM   Document 64   Filed 02/27/24   Page 24 of 88   Page ID #:2437

what the consumer has indicated.

BY MR. JAVITCH:

Q.   Indeed, if this were the fact, would you agree with me that Mr. Horowitz should not have been reported as having engaged in suspected fraud activity if this cashier's check was the basis for Bank of America reporting him as such?

MR. MELAMED:  Objection.

THE WITNESS:  Would I agree that he shouldn't have been reported as suspected fraud activity if what he explained in the -- in his dispute is what occurred?

BY MR. JAVITCH:

Q.   Correct.

A.   I could agree with that.

Q.   Okay.  Drawing your attention to Exhibit 11, which I will now -- we're getting -- getting up there.

(Plaintiff's Exhibit 11 was marked for identification.)

BY MR. JAVITCH:

Q.   Okay.  This is a letter to Chex that Mr. Horowitz had sent to Chex dated September 30th, 2022.  Strangely, this letter was not produced in discovery by Chex.  Have you seen this letter before?

A.   Can I see that letter again?

Q.   Oh, yeah.  Yeah.  Also, did you get a copy



CERTIFICATE

I, Matthew Miller, a Notary Public in and for the State of California, do hereby certify:

That the foregoing witness was duly sworn; that the proceeding took place before me at the time and place herein set forth; that the testimony and proceedings were accurately captured by me with annotations using electronic recording means not related to stenography.

I further certify that I am not related to any of the parties to this action by blood or marriage and that I am in no way interested in the outcome of this matter.

IN WITNESS THEREOF, I have hereunto set my hand this 7th day of September, 2023.

*matthewmiller*

_____

Matthew Miller
Notary Commission California 2405828
Commission Expires: May 26, 2026



CERTIFICATE OF TRANSCRIPTIONIST

I, Tammy L. Bales, Certified Verbatim Reporter, do hereby certify:  That the foregoing is a complete and true transcription of the original digital audio recording of the testimony and proceedings captured in the above-entitled matter.  As the transcriptionist, I have reviewed and transcribed the entirety of the original digital audio recording of the proceeding to ensure a verbatim record to the best of my ability.

I further certify that I am neither attorney for nor a relative or employee of any of the parties to the action; further, that I am not a relative or employee of any attorney employed by the parties hereto, nor financially or otherwise interested in the outcome of this matter.

IN WITNESS THEREOF, I have hereunto set my hand this 7th day of September, 2023.



_____

Tammy L. Bales, CVR

ESQUIRE
DEPOSITION SOLUTIONS

800.211.DEPO (3376)
EsquireSolutions.com

# EXHIBIT 3

# In the Matter Of:

## BRIAN HOROWITZ vs CHEX SYSTEMS

8:22-cv-02002-DFM

## CHRISTOPHER THOMPSON 30B6

*August 31, 2023*

*Non-Confidential*



ESQUIRE
DEPOSITION SOLUTIONS

800.211.DEPO (3376)
EsquireSolutions.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

BRIAN HOROWITZ,

      Plaintiff,

      v.             Case No. 8:22-cv-02002-DFM

CHEX SYSTEMS, INC., ET AL.,

      Defendant.


30(b)(6) VIDEOCONFERENCE DEPOSITION OF

CHRISTOPHER THOMPSON

(NONCONFIDENTIAL PORTIONS)


AUGUST 31, 2023

10:06 a.m.


Remote Proceeding


DAWN REINKE
Notary Public
Commission No:  2404614



APPEARANCES OF COUNSEL


On behalf of the Plaintiff, Brian Horowitz:

          BY:  MARK JAVITCH, ESQ.
          JAVITCH LAW OFFICE
          3 East 3rd Avenue
          Suite 200
          San Mateo, California 94401
          650-781-8000
          mark@javitchlawoffice.com

          BY:  GARY D. NITZKIN, ESQ.
          CREDIT REPAIR LAWYERS OF AMERICA
          39111 Six Mile Road
          Suite 142
          Livonia, Michigan 48152
          248-353-2882
          gnitzkin@creditor-law.com


On behalf of Defendant Bank of America:

          BY:  AUSTIN B. KENNEY, ESQ.
          BY:  SAM MELAMED, ESQ.
          SEVERSON & WERSON
          595 Market Street
          Suite 2600
          San Francisco, California 94105
          415-398-3344
          Abk@severson.com



INDEX TO EXAMINATION

EXAMINATION                                                          PAGE

Examination by Mr. Javitch                                              6

INDEX OF EXHIBITS

DEPOSITION              DESCRIPTION                               PAGE

Exhibit 1        (Referred to; not marked                           14
                 in this deposition.)

Exhibit 2        Cashier's Check                                     17

Exhibit 3        Bank Statement                                      33

Exhibit 4        Check                                               35

Exhibit 5        (Referred to; not marked                           41
                 in this deposition.)

Exhibit 6        (Referred to; not marked                           44
                 in this deposition.)

Exhibit 7        Account Statement                                   52

Exhibit 8        (Referred to; not marked                           58
                 in this deposition.)

Exhibit 9        (Referred to; not marked                           80
                 in this deposition.)

Exhibit 10       Email                                               85

Exhibit 11       Email                                               89

Exhibit 12       Email                                               94

Exhibit 13       Responses                                          106

Exhibit 14       ChexSystems Report                                 107

Exhibit 15       Responses                                          109

Exhibit 16       (Referred to; not marked                          135
                 in this deposition.)



CHRISTOPHER THOMPSON 30B6  Non-Confidential                    August 31, 2023
BRIAN HOROWITZ vs CHEX SYSTEMS                                                4

INDEX OF EXHIBITS CONTINUED

| DEPOSITION | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 17 | (Referred to; not marked in this deposition.) | 136 |
| Exhibit 18 | Deposit Agreement | 144 |
| Exhibit 19 | (Referred to; not marked in this deposition.) | 147 |
| Exhibit 20 | Letter and Attachment | 164 |
| Exhibit 21 | Letter | 166 |
| Exhibit 22 | (Referred to; not marked in this deposition.) | 172 |

CERTIFIED QUESTIONS

Page 128, Line 15

BY MR. JAVITCH:

Q.    Would you be surprised to learn that Orange
County's Credit Union saw this notation and closed his
open and active accounts?

Page 132, Line 7

BY MR. JAVITCH:

Q.    And would you agree with me that the notation
of suspected fraud activity could be damaging to a
consumer's reputation?



CONFIDENTIAL PORTIONS

Page 14, Line 16 to Page 17, Line 4

Page 41, Line 12 to Page 52, Line 6

Page 54, Line 20 to Page 55, Line 22

Page 58, Line 20 to Page 85, Line 3

Page 85, Line 11 to Page 85, Line 17

Page 87, Line 7 to Page 89, Line 4

Page 96, Line 1 to Page 96, Line 12

Page 110, Line 23 to Page 111, Line 9

Page 135, Line 16 to Page 144, Line 4

Page 147, Line 2 to Page 163, Line 22

Page 171, Line 23 to Page 191, Line 15



THE REPORTER:  We are now on the record and the time is 10:06 a.m. Pacific Standard Time, and today is August 31st, 2023.  We are here to take the deposition of Christopher Thompson.  And this is in the case of Brian Horowitz versus ChexSystems, Inc.  This is in the United States District Court of California, Western Division; case number is 8:22-cv-02002-DFM.

My name is Dawn Reinke.  I am the notary public in the state of California, and I will be capturing the verbatim record of today's proceeding using electronic audio equipment, a computer, and specialized recording software.

The witness is currently located in Las Vegas, Nevada.

Will everybody in attendance please identify yourselves, state who you represent, starting with the taking attorney, please.

MR. JAVITCH:  Yes.  Mark Javitch, attorney for plaintiff, Brian Horowitz.

MR. NITZKIN:  Gary Nitzkin, forwarding counsel for plaintiff.

MR. KENNEY:  Austin Kenney for Defendant Bank of America.  Also counsel for the deponent.  And I have Sam Melamed from my office, as well, observing.

THE WITNESS:  Christopher Thompson, Bank of

America, witness.

THE REPORTER:  And absent of any objection on the record, I am here to say that I will not be able to swear in Mr. Thompson today because of his location is in Las Vegas, Nevada.  Excuse me.  He -- let's see.

In lieu of administering the oath to this witness, I would ask that all parties stipulate that the witness has identified himself as Christopher Thompson and the witness's testimony will be treated as if given under oath.

Could all of you please verbalize your agreement?

MR. JAVITCH:  I agree.

MR. KENNEY:  So stipulated.  That should do it.  Mark and I are counsel of record, so that should be sufficient.

THE REPORTER:  Okay.  And go ahead, Counsel. Go ahead, Mark.

EXAMINATION

BY MR. JAVITCH:

Q.  Oh, okay.  Thanks a lot.  Okay.  Good morning, Chris, Mr. Thompson.  I'm Mark Javitch.  I'll be doing the deposition today.

Could you please state your name and spell your name for the record?

MR. KENNEY:  Objection.  Form.  Asked and answered.

THE WITNESS:  My knowledge is what US-- Union Bank had told me.

BY MR. JAVITCH:

Q.    But outside of what you were told, you have no idea who stopped payment on the check?

A.    No, because one of two people could have placed the stopped payment, the bank or the customer, the remitter.

Q.    And who do you think -- who do you think stopped payment on the check?

MR. KENNEY:  Objection.  Form.  It wildly calls for speculation.

Go ahead and answer to the best of your ability.

THE WITNESS:  I was informed by Union Bank that the remitter placed the stop payment.

BY MR. JAVITCH:

Q.    Okay.  Let's see.  Okay.  Drawing your attention back to Deposition Exhibit 3, a copy of Mr. Horowitz's bank statement ending in 2815 for the period ending on February 5th, 2018, drawing your attention to the section entitled Withdrawals and Other Subtractions, do you see the line item dated January 18,



fraud when you have -- either party's placing a stop payment on a cashier's check, there's a reason for that when the -- the receiver of that cashier's check is also the remitter.

In this case, we were told by Union Bank that the remitter had requested that stop payment.  That's the only knowledge I have of that stop-payment issue.

So therefore, based on that, when we have a stop payment placed by the remitter, who's also the recipient of those funds, there's a potential for fraud.

BY MR. JAVITCH:

Q.   So is it your testimony that any time a stop payment is issued that -- like happened to Mr. Horowitz, that Mr. Horowitz was going to be reported for suspected fraud no matter -- no matter what?

MR. KENNEY:  Object as to form.  Outside scope.  Argumentative.

Go ahead and answer.

THE WITNESS:  Based on the information received on this case, the customer and remitter placed the stop payment, from what we obtained information from Union Bank.

BY MR. JAVITCH:

Q.   So it's your testimony that once a stop payment from the remitter is received, then that person



would be reported for suspected fraud activity?

MR. KENNEY:  Object as to form.  Misstates testimony.  Calls for legal conclusion.  Calls for expert opinion.

Go ahead and answer.

THE WITNESS:  The cashier's check was purchased by the recipient of the cashier's check who -- who also purchased the cashier's check, benefitted from those funds.  They went into the account.

We received information that a stop payment was placed by the remitter, which was the customer of ours who also purchased the cashier's check.  Based on that information, there's a potential fraud.

BY MR. JAVITCH:

Q.   But if Union Bank was the one that stopped payment on the check, would Mr. Horowitz still have been reported for suspected fraud?

MR. KENNEY:  Object as to form.  Asked and answered.  Calls for expert opinion.  Calls for legal conclusion.

Go ahead and tell him again.

THE WITNESS:  This matter involves a stop payment that we believe was placed by the remitter based on information I obtained from a call to Union Bank to inquire on that cashier's check.  Based on the -- the



circumstances of being informed by Union Bank that cashier's check was stopped as a result of the remitter's request, it was considered to be potential fraud.

BY MR. JAVITCH:

Q.    But this is more of a hypothetical question: If Union Bank had stopped payment on the check, would Mr. Horowitz still have been reported for suspected fraud?

MR. KENNEY:  Same objections.

THE WITNESS:  I can only speak to the circumstance of the information that I obtained when I placed the phone call to Union Bank to inquire on that cashier's check stop payment; therefore, I cannot speak to the question that you're asking hypothetically.

BY MR. JAVITCH:

Q.    And by May 25, 2018, Bank of America had received the $70,000 from Union Bank, making its cashier's check good; is that correct?

MR. KENNEY:  Object as to form.  Asked and answered.

THE WITNESS:  Can you repeat that date that you mentioned as when Union Bank sent that cashier's check?

BY MR. JAVITCH:



BY MR. JAVITCH:

Q.   But Mr. Horowitz told you that he didn't stop payment, so why didn't you consider that as well?

MR. KENNEY:  Object as to form.  The question is purely argumentative.

Go ahead and answer to the best of your ability.

THE WITNESS:  Because I contacted the bank, and the bank told me that the remitter placed the stop payment.

In my experience with dealing with overdrafts on accounts, we don't necessarily get the most accurate information from our customers when we're dealing with them; so therefore, I'm going to rely more on what the bank, Union Bank, had told me as to the reason for the stop payment, which was placed by the remitter.

BY MR. JAVITCH:

Q.   Okay.  And let's see.  Okay.  What does this phrase "suspected fraud activity" mean as it appears on this ChexSystems report in Deposition Exhibit 14?

MR. KENNEY:  Object as to form.  Calls for a legal conclusion.  Calls for expert opinion.  Calls for somebody from Chex to provide the answer.

But go ahead and do your best with it.

THE WITNESS:  The reason -- the reported



reason is to detect fraud activity is, as we discussed in my previous statement about the check being returned, based on the remitter's request for a stop payment; and the fact that the funds were depleted from the account prior to us receiving notification that that check was being returned resulted in an overdraft of $68,000 to his account.

So therefore, his -- we considered that suspected fraud activity for the reporting purposes to ChexSystems, as per our depositor's agreement read (indiscernible) satisfactory.

BY MR. JAVITCH:

Q.   So would someone reading this report in Deposition Exhibit 14 think that the plaintiff himself had engaged in fraudulent activity that caused the bank to suffer a charge off of $68,003.75?

MR. KENNEY:  Object as to form.  Are you really asking the witness what anybody in off the street reading this would think, you or I or the court reporter?  That can't seriously be the question, is it?

If so, it's argumentative and it's abusive.

I'll allow him to answer to the best of his ability, but this is where your rope ends.

MR. JAVITCH:  We're going to please ask you to stop the coaching and offering speaking objections.



the funds in the account through wire transfers, resulting in an overdraft on the account for $68,000; on the same day, we received the item back as a stop payment, resulting in that loss of $68,000 on the account; a call placed to Union Bank to find out about that cashier's check as to why it came back as a stop payment, I was told that it was due to the remitter placing a stop payment on the -- the check, that I needed to talk to the remitter.

So based on those circumstances, we got a check being deposited, funds being spent out of the account, in addition to a call to the bank requesting that the funds be released prior to the hold that was placed on the account, and then we got notification that the check was returned resulted in that loss.

Therefore, it was potential fraud activity.

BY MR. JAVITCH:

Q.   And do you remember who you talked to at Union Bank?

A.   According to my notes, it was their customer service department.

Q.   And so you did document that -- you didn't document any specific contact person?

A.   No.  I called their customer service department, spoke to someone there, and that's when they



told me that the check was stopped based -- by the remitter.

Q.   Okay.  And would you agree that any institution that reviewed the ChexSystems report in Deposition Exhibit 14 and saw the phrase "suspected fraud activity" would tend to not engage in any business transaction with Mr. Horowitz?

MR. KENNEY:  Object as to form.  Calls for legal conclusion.  Calls for expert opinion.  It's outside the scope.

Mr. Thompson, if you have any idea what anybody else at any other institution would think, you can tell him.

THE WITNESS:  I think, based on the suspected fraud activity, that would be pretty clear.  That's -- that's the point of ChexSystems.  When the bank reports to ChexSystems, that information is relayed over to ChexSystems.

And based on the recommendation, that's the way that the bank took the direction to notify ChexSystems of that activity.

BY MR. JAVITCH:

Q.   So -- and what would an institution do when it saw this suspected fraud activity?

MR. KENNEY:  Same objections.



CERTIFICATE

I, DAWN REINKE, Notary Public in and for the State of California do hereby certify:

That the foregoing witness was not duly sworn; that the proceeding took place before me at the time and place herein set forth; that the testimony and proceedings were accurately captured by me with annotations using electronic recording means not related to stenography.

I further certify that I am not related to any of the parties to this action by blood or marriage, and that I am in no way interested in the outcome of this matter.

In witness thereof, I have hereunto set my hand this 19th day of September, 2023.

_____

DAWN REINKE

Notary Commission California/2404614

Commission Expires:  May 18, 2026



ESQUIRE
DEPOSITION SOLUTIONS

800.211.DEPO (3376)
EsquireSolutions.com

CERTIFICATE OF TRANSCRIPTIONIST

I, Tracy Allen, RPR, Registered Professional Reporter, in the Commonwealth of Pennsylvania, do hereby certify:

That the foregoing is a complete and true record of the original digital audio recording of the testimony and proceedings captured at that time in the above-entitled matter.  As the transcriptionist, I have reviewed the entirety of the original digital audio recording of the proceeding to ensure a verbatim record to the best of my ability.

I further certify that I am neither attorney for nor a relative or employee of any of the parties to the action; further, that I am not a relative or employee of any attorney employed by the parties hereto, nor financially or otherwise interested in the outcome of this matter.

IN WITNESS THEREOF, I have hereunto set my hand this 19th day of September, 2023.



_____

Tracy Allen, RPR
Pennsylvania

ESQUIRE
DEPOSITION SOLUTIONS

800.211.DEPO (3376)
EsquireSolutions.com

# In the Matter Of:

## BRIAN HOROWITZ vs CHEX SYSTEMS

8:22-cv-02002-DFM

## CHRISTOPHER THOMPSON, 30B6

*August 31, 2023*

*Confidential*



800.211.DEPO (3376)
EsquireSolutions.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

BRIAN HOROWITZ,

        Plaintiff,

        v.            Case No. 8:22-cv-02002-DFM

CHEX SYSTEMS, INC., ET AL.,

        Defendant.

30(b)(6) VIDEOCONFERENCE DEPOSITION OF

CHRISTOPHER THOMPSON

(CONFIDENTIAL PORTIONS)

AUGUST 31, 2023

10:06 a.m.

Remote Proceeding

DAWN REINKE
Notary Public
Commission No:  2404614



                          APPEARANCES OF COUNSEL


On behalf of the Plaintiff, Brian Horowitz:

          BY:  MARK JAVITCH, ESQ.
          JAVITCH LAW OFFICE
          3 East 3rd Avenue
          Suite 200
          San Mateo, California 94401
          650-781-8000
          mark@javitchlawoffice.com

          BY:  GARY D. NITZKIN, ESQ.
          CREDIT REPAIR LAWYERS OF AMERICA
          39111 Six Mile Road
          Suite 142
          Livonia, Michigan 48152
          248-353-2882
          gnitzkin@creditor-law.com


On behalf of Defendant Bank of America:

          BY:  AUSTIN B. KENNEY, ESQ.
          BY:  SAM MELAMED, ESQ.
          SEVERSON & WERSON
          595 Market Street
          Suite 2600
          San Francisco, California 94105
          415-398-3344
          Abk@severson.com



Q.   Okay.  Drawing your attention to the note dated February 7, 2018 --

MR. KENNEY:  Counsel (inaudible.)

MR. JAVITCH:  It starts off with (indiscernible) redacted.  Let's see...

THE REPORTER:  Mr. Kenney, did you say something?  I just heard counsel.

MR. KENNEY:  Yes, I'm sorry.  I might have cut out.  I asked if Mr. Javitch could zoom in a bit on the note that he's referring to.

MR. JAVITCH:  Oh, yeah.  As soon as I find it.

MR. KENNEY:  Sure.

BY MR. JAVITCH:

Q.   Okay.  So there's a few notes on February 7. Here we go.  Okay.  This note says, call placed to redacted.  Talked to Brian Horowitz.  Customer stated that he did not place a stop payment on the check. State that this other bank telling him funds were cleared.  Advised customer that the check returned as stop payment.  Customer is requesting a copy of the document.  Did I read that correctly?

A.   Yes, based on the note you just read.

Q.   Did you have any reason to doubt that Mr. Horowitz was telling you the truth when he said that he did not place a stop payment on a certified check



scope.

THE WITNESS:  Information obtained from Union Bank.

BY MR. JAVITCH:

Q.    And what information -- was that a request for reinvestigation form?  Or what information from Union Bank did you have?

A.    Information I received from Union Bank.  It --

Q.    What --

A.    It informed me that -- informed me that the remitter placed the stock payment.

Q.    Was it an email or how did you receive that?

A.    There should be a note that you'll see what I -- in that note.

Q.    Okay.  Drawing your attention to April 13, 2018, in Deposition Exhibit 9, Bates 178, have you seen this entry before?

A.    Yes, I have.

Q.    Did you create this entry?

A.    Which entry are you referring to?

Q.    Let's see.  This one.

A.    Sorry.  My screen went blank.  Could you point to the one again?

Q.    This last one here.

A.    Yes.



Q.   You created this one, since it says your name?

A.   Yes, I did create that one.

Q.   And you created all of the records on April 13, it looks like, or both of the records on April 13.

In this note, it appears that BOA reached out to Mr. Horowitz for additional information about the check; is that correct?

A.   Yes, that is correct.

Q.   In this note, he told the bank that he had hired an attorney to help him with this matter; is that correct?

A.   Yes, based on my note.

Q.   He also mentioned that a levy was served on his business account but that it had no effect on available funds at the time he purchased the cashier's check; is that correct?

A.   Yes, based on my note.

Q.   The note also states, GFCC requested via email supporting documents from him to substantiate his claim. Did I read that correctly?

A.   Yes, that's correct.

Q.   And what is GFCC?

A.   GFCC stands for Global Financial Crimes Compliance.



Q.   And were you in that department at that time?

A.   Yes.

MR. JAVITCH:  Okay.  Now I'm handing you Exhibit 10.

MR. KENNEY:  Excuse me, Mr. Javitch, I need to interrupt for a moment.  I have to assert at this point -- probably should have done it sooner, but I'll do it now and we can clean it up as needed.

Exhibit 9 along with Exhibits 5, 6, and 8 were documents produced by Bank of America confidentially in discovery in this case.  They were marked confidential by Bank of America pursuant to a stipulated protective order between the parties.

That stipulated protective order stipulates the introduction of any documents marked confidential pursuant thereto in the course of a deposition may be designated as such in the deposition by the designating party.  That has to be done before the close of the deposition.  I'm so designating these Exhibits 5, 6, 8, 9 as confidential.

Those portions of the transcript dealing with those exhibits needs to be marked confidential and separately bound along with the exhibits themselves.

If the court reporter has questions about how to handle this logistically, I'm happy to address those



(Begin confidential portion.)

BY MR. JAVITCH:

Q.   Okay.   Drawing your attention back to Deposition Exhibit 8, which is Ms. Serrano's referral of Brian to the fraud department, you knew that the check was, quote, not a counterfeit, had not been forged or altered indicating potential fraud; is that correct?

MR. KENNEY:  Objection as to form.

THE WITNESS:  Based on that referral, that's what the referral states.

BY MR. JAVITCH:

Q.   So you stated in this email that you spoke with Union Bank the day before you sent this email and you were informed that the remitter requested the stop payment; is that correct?

A.   Yes, that is correct.

MR. KENNEY:  Objection as to form.  Sorry.

Go ahead.

BY MR. JAVITCH:



Q.   And who was the remitter that stopped payment on Union Bank's $70,000 cashier's check at issue in this case?

MR. KENNEY:   Objection as to form.  Asked and answered.

THE WITNESS:   Based on the check remitter, it was COD USA, which is a business owned by Horowitz, listed as a remitter.

THE REPORTER:   I'm sorry.  Could you please, tell me the name of that COD bank?  COD?

THE WITNESS:   COD, C-O-D, USA was listed as the remitter on the cashier's check.

BY MR. JAVITCH:

Q.   And did you consider placing a phone call to Union Bank to discuss the stop payment order on its $70,000 check?

A.   Yes.

MR. KENNEY:   Objection as to form.  Asked and answered.

THE WITNESS:   Yes.  I called Union Bank to ask them about the cashier's check stop payment.

BY MR. JAVITCH:

Q.   Okay.  And what did they say?

MR. KENNEY:   Objection as to form.  Asked and answered repeatedly now.



THE WITNESS:  Union Bank told me the remitter requested the stop payment and referred me to the remitter for additional information.

(End confidential portion.)



CERTIFICATE

I, DAWN REINKE, Notary Public in and for the State of California do hereby certify:

That the foregoing witness was not duly sworn; that the proceeding took place before me at the time and place herein set forth; that the testimony and proceedings were accurately captured by me with annotations using electronic recording means not related to stenography.

I further certify that I am not related to any of the parties to this action by blood or marriage, and that I am in no way interested in the outcome of this matter.

In witness thereof, I have hereunto set my hand this 19th day of September, 2023.

_____

DAWN REINKE

Notary Commission California/2404614

Commission Expires:  May 18, 2026



CERTIFICATE OF TRANSCRIPTIONIST

I, Tracy Allen, RPR, Registered Professional Reporter, in the Commonwealth of Pennsylvania, do hereby certify:

That the foregoing is a complete and true record of the original digital audio recording of the testimony and proceedings captured at that time in the above-entitled matter.  As the transcriptionist, I have reviewed the entirety of the original digital audio recording of the proceeding to ensure a verbatim record to the best of my ability.

I further certify that I am neither attorney for nor a relative or employee of any of the parties to the action; further, that I am not a relative or employee of any attorney employed by the parties hereto, nor financially or otherwise interested in the outcome of this matter.

IN WITNESS THEREOF, I have hereunto set my hand this 19th day of September, 2023.



_____
Tracy Allen, RPR
Pennsylvania

Ex 10

| | |
|---|---|
| **From:** | Brian Horowitz |
| **To:** | Cori Lee; Brian Horowitz |
| **Subject:** | FW: Account Ending 2815 |
| **Date:** | September 8, 2021 2:10:38 AM |
| **Attachments:** | image001.png |

**From:** Thompson, Christopher [⬛⬛⬛⬛⬛⬛⬛⬛@bankofamerica.com]

**Sent:** Friday, April 13, 2018 2:30 PM

**To:** Brian Horowitz <brianh@ontheedgemarketing.com>

**Subject:** Account Ending 2815

Brian Horowitz,

Per our conversation, please provide me supporting documentation involving the Cashier's Check matter with Union Bank. Please include a copy of the bank statement from Union Bank for the date range of activity which shows where the funds originated to purchase the check.

Yesterday, I contacted Union Bank customer service and was informed "the remitter requested the stop payment." They referred me to the remitter of the check for additional information.

Thank you,

**Christopher Thompson, CFE**

Vice President/Investigator

Bank of America | Global Financial Crimes Compliance

Fraud Investigations Group

⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛



This message, and any attachments, is for the intended recipient(s) only, may contain information that is privileged, confidential and/or proprietary and subject to important terms and conditions available at http://www.bankofamerica.com/emaildisclaimer. If you are not the intended recipient, please delete this message.

**Wednesday, May 3, 2023 at 11:13:16 Pacific Daylight Time**

| | |
|---|---|
| **Subject:** | FW: Account Ending 2815 |
| **Date:** | Saturday, April 14, 2018 at 8:55:26 AM Pacific Daylight Time |
| **From:** | Brian Horowitz |
| **To:** | '███████@bankofamerica.com', 'NBCNEWS@LOSANGELES.COM/INVESTIGATIONS/' |
| **CC:** | 'Cori Trumbull-Lee', Barbara Tolbert, Brian Horowitz |
| **Attachments:** | image001.png, image002.png, RE: Wire 12.27.17.eml, Re: Wire 12.27.17.eml, FW: Union Bank.eml, FW: Union Bank.eml, img944.pdf, img943.pdf, Your Available Balance.eml, Your Available Balance.eml, Receipt: Direct Deposit Received.eml |

Ex 11

Chris

Please use this e-mail address. You can see in my attachments I never stop payment on the check and I was also trying to find out what was going on. Union bank has Committed Fraud and stop payment on a Casher check made out to me. They lock me out so I have never been able to get a copy of the statement and they have never sent me any document on why they would stop payment's This has cause me all type of problems. Now your Bank is also cause me **big problem's and damages** . First I am not the owner of COD I am only a signer. You have froze there account and because of this action payments are been return and deposits are not been release. Before I take legal action I am asking you to release the hold and send letter that can be shared with the companies that had their payment rejected. **I am a Victim** that keep getting hurt. The owner has given me in till Monday to have this fix if not I will be asked to leave the company, do to your actions. Before I do anything more I will need you to fix the above. I am also will share with Social Media and I have include NBC Investigation Dept .

Thank you

**Brian Horowitz | CEO| 25954 Commercentre Lake forest Calif 92630**
☎: **212.913.9706 x 13 |Cell 909-225-9895 |** 🖨: **949-305-9687|** ✉: Brianh@creativeoutdoordistributor.com

    

**From:** Brian Horowitz <brianh@ontheedgemarketing.com>
**Sent:** Saturday, April 14, 2018 8:28 AM
**To:** Brian Horowitz <brianh@creativeoutdoordistributor.com>
**Subject:** FW: Account Ending 2815

**From:** Thompson, Christopher <cmthompson@bankofamerica.com>
**Sent:** Friday, April 13, 2018 2:30 PM
**To:** Brian Horowitz <brianh@ontheedgemarketing.com>
**Subject:** Account Ending 2815

Brian Horowitz,

Per our conversation, please provide me supporting documentation involving the Cashier's Check matter with Union Bank. Please include a copy of the bank statement from Union Bank for the date

**Wednesday, May 3, 2023 at 11:13:51 Pacific Daylight Time**

**Subject:** RE: Wire 12.27.17

**Date:** Thursday, January 18, 2018 at 11:53:42 AM Pacific Standard Time

**From:** Kyle Connors

**To:** Brian Horowitz

**CC:** Barbara Tolbert

Hi Brian,

The funds leave the account as soon as the check is issued at the branch. There is still a processing time once it is deposited. I will speak with my service manager about it once she is back from her meeting this afternoon and get back to you with an update as soon as I have one.

Thanks,

Kyle Connors
Senior Relationship Banker

Direct 949 609 0023 | Fax 949 609 0026
Foothill Ranch Office | 26472 Towne Centre Drive, Foothill Ranch CA 92610
MC 4-573
kyle.connors@unionbank.com
NMLS #1158730

-----Original Message-----
From: Brian Horowitz [mailto:brianh@creativeoutdoordistributor.com]
Sent: Thursday, January 18, 2018 11:23 AM
To: Kyle Connors <Kyle.Connors@unionbank.com>
Cc: Barbara Tolbert <barbarat@creativeoutdoordistributor.com>
Subject: Re: Wire 12.27.17

The check made out to me and it cleared the bank so I don't understand how this can be.
Thank

Brian Horowitz

> On Jan 18, 2018, at 11:18 AM, Kyle Connors <Kyle.Connors@unionbank.com> wrote:
>
> Hi Brian,
>
> I don't see that the cashier's check has cleared either. It is still in an issued status. I can check tonight and tomorrow morning to see if the status updates.
>
> Kyle Connors
> Senior Relationship Banker
>
> Direct 949 609 0023 | Fax 949 609 0026 Foothill Ranch Office | 26472
> Towne Centre Drive, Foothill Ranch CA 92610 MC 4-573
> kyle.connors@unionbank.com NMLS #1158730
>
>

> -----Original Message-----
> From: Brian Horowitz [mailto:brianh@creativeoutdoordistributor.com]
> Sent: Thursday, January 18, 2018 11:12 AM
> To: Kyle Connors <Kyle.Connors@unionbank.com>
> Cc: Barbara Tolbert <barbarat@creativeoutdoordistributor.com>
> Subject: Re: Wire 12.27.17
>
> Kyle
>
> Please call me back. My bank said the cashier Check has not cleared yet. Can you get me a copy showing it cleared Please
>
> Brian Horowitz
>
>> On Dec 28, 2017, at 12:26 PM, Kyle Connors <Kyle.Connors@unionbank.com> wrote:
>>
>> For the account x2410 or x3115?
>>
>> Kyle Connors
>> Senior Relationship Banker
>>
>> Direct 949 609 0023 | Fax 949 609 0026 Foothill Ranch Office | 26472
>> Towne Centre Drive, Foothill Ranch CA 92610 MC 4-573
>> kyle.connors@unionbank.com NMLS #1158730
>>
>>
>>
>> -----Original Message-----
>> From: Brian Horowitz [mailto:brianh@creativeoutdoordistributor.com]
>> Sent: Thursday, December 28, 2017 12:23 PM
>> To: Kyle Connors <Kyle.Connors@unionbank.com>; Barbara Tolbert <barbarat@creativeoutdoordistributor.com>
>> Subject: RE: Wire 12.27.17
>>
>> Kyle
>>
>> Can someone from your branch print out Dec bank statement
>>
>> Thank you
>>
>> Brian Horowitz  | CEO| 25954 Commercentre Lake forest Calif 92630
>> 2: 212.913.9706 x 13 |Cell 909-225-9895  |   : 949-305-9687|  : Brianh@creativeoutdoordistributor.com
>>
>>
>>
>> -----Original Message-----
>> From: Kyle Connors [mailto:Kyle.Connors@unionbank.com]
>> Sent: Thursday, December 28, 2017 12:20 PM
>> To: Barbara Tolbert <barbarat@creativeoutdoordistributor.com>
>> Cc: Brian Horowitz <brianh@creativeoutdoordistributor.com>
>> Subject: RE: Wire 12.27.17
>>
>> Hi Barb,
>>
>> I called and the investigation is underway. I also sent a request on my side as well.

**Page 2 of 5**

>>

>> Also, due to regulations, wires to China can sometimes take longer than with other countries or domestic wires, given the Holiday on Monday as well. Hoping for a response soon.

>>

>> Thanks,

>>

>> Kyle Connors

>> Senior Relationship Banker

>>

>> Direct 949 609 0023 | Fax 949 609 0026

>> Foothill Ranch Office | 26472 Towne Centre Drive, Foothill Ranch CA 92610 MC 4-573

kyle.connors@unionbank.com NMLS #1158730

>>

>>

>>

>> -----Original Message-----

>> From: Barbara Tolbert [mailto:barbarat@creativeoutdoordistributor.com]

>> Sent: Thursday, December 28, 2017 11:30 AM

>> To: Kyle Connors <Kyle.Connors@unionbank.com>

>> Cc: Brian Horowitz <brianh@creativeoutdoordistributor.com>

>> Subject: Wire 12.27.17

>> Importance: High

>>

>> Kyle,

>> Here is what I have sent them to do the investigation

>>

>> -----Original Message-----

>> From: Barbara Tolbert

>> Sent: Thursday, December 28, 2017 11:13 AM

>> To: 'Kyle Connors' <Kyle.Connors@unionbank.com>

>> Cc: Brian Horowitz <brianh@creativeoutdoordistributor.com>

>> Subject: Wire Transfer

>> Importance: High

>>

>> Kyle,

>>

>> I had done a wire on 12/22/2017 here is the confirmation but they have not rec to date, yes I have already sent this to the wire

>>

>> Department for questioning can you call and check for me please..

>>

>> Thanks

>>

>> BARB T

>>

>>

>>

>> 66 CROTEC INTERNATIONAL GROUP

>>

>> CO., LTD

>>

>> 2,472.00 USD 12/22/2017 CONFIRMED

>>

>>

>> ========================================================
>> PLEASE NOTE: The MUFG logo and name is a service mark of Mitsubishi UFJ Financial Group, Inc. ("MUFG") and may be used by it or other Group companies for marketing purposes, including MUFG Americas Holdings Corporation affiliates and subsidiaries. Lending, deposit, securities, investment banking, and other banking services are provided by banking and/or broker-dealer affiliates of MUFG, including, The Bank of Tokyo- Mitsubishi UFJ, Ltd. ("BTMU"), MUFG Union Bank, N.A. ("MUB"), MUFG Securities Americas Inc. ("MUSA"), and MUFG Securities (Canada), Ltd.
>> ("MUS(CAN)"). MUB is an FDIC-insured bank. MUSA is a member of FINRA and SIPC.  MUS(CAN) is a member of FINRA and IIROC.
>>
>> This message is intended for the named addressee(s) only. It may contain confidential, proprietary or legally privileged information. No confidentiality or privilege is waived or lost by any mis-transmission. If you receive this message in error, please delete it and all copies from your system, destroy any hard copies and notify the sender. You must not, directly or indirectly, use, disclose, distribute, print or copy any part of this message if you are not the intended recipient. MUFG, its affiliates and subsidiaries reserve the right to monitor all electronic communications through their respective
>> networks.   Any views expressed in this message are those of the
>> individual sender and do not constitute investment advice or recommendation, except where the message expressly states otherwise and the sender is authorized to furnish the same.  MUFG (and its
>> subsidiaries) shall (will) not be liable for the message if modified.
>>
>>
>> ========================================================
>> PLEASE NOTE: The MUFG logo and name is a service mark of Mitsubishi UFJ
>> Financial Group, Inc. ("MUFG") and may be used by it or other Group
>> companies for marketing purposes, including MUFG Americas Holdings
>> Corporation affiliates and subsidiaries. Lending, deposit, securities,
>> investment banking, and other banking services are provided by banking
>> and/or broker-dealer affiliates of MUFG, including, The Bank of Tokyo-
>> Mitsubishi UFJ, Ltd. ("BTMU"), MUFG Union Bank, N.A. ("MUB"), MUFG
>> Securities Americas Inc. ("MUSA"), and MUFG Securities (Canada), Ltd.
>> ("MUS(CAN)"). MUB is an FDIC-insured bank. MUSA is a member of FINRA
>> and SIPC.  MUS(CAN) is a member of FINRA and IIROC.
>>
>> This message is intended for the named addressee(s) only. It may contain
>> confidential, proprietary or legally privileged information. No confidentiality or
>> privilege is waived or lost by any mis-transmission. If you receive this
>> message in error, please delete it and all copies from your system, destroy
>> any hard copies and notify the sender. You must not, directly or indirectly,
>> use, disclose, distribute, print or copy any part of this message if you are
>> not the intended recipient. MUFG, its affiliates and subsidiaries reserve the
>> right to monitor all electronic communications through their respective
>> networks.   Any views expressed in this message are those of the
>> individual sender and do not constitute investment advice or
>> recommendation, except where the message expressly states otherwise
>> and the sender is authorized to furnish the same.  MUFG (and its
>> subsidiaries) shall (will) not be liable for the message if modified.
>>
>
> ========================================================
> PLEASE NOTE: The MUFG logo and name is a service mark of Mitsubishi UFJ
> Financial Group, Inc. ("MUFG") and may be used by it or other Group
> companies for marketing purposes, including MUFG Americas Holdings
> Corporation affiliates and subsidiaries. Lending, deposit, securities,
> investment banking, and other banking services are provided by banking

> and/or broker-dealer affiliates of MUFG, including, The Bank of Tokyo-
> Mitsubishi UFJ, Ltd. ("BTMU"), MUFG Union Bank, N.A. ("MUB"), MUFG
> Securities Americas Inc. ("MUSA"), and MUFG Securities (Canada), Ltd.
> ("MUS(CAN)"). MUB is an FDIC-insured bank. MUSA is a member of FINRA
> and SIPC.  MUS(CAN) is a member of FINRA and IIROC.
>
> This message is intended for the named addressee(s) only. It may contain
> confidential, proprietary or legally privileged information. No confidentiality or
> privilege is waived or lost by any mis-transmission. If you receive this
> message in error, please delete it and all copies from your system, destroy
> any hard copies and notify the sender. You must not, directly or indirectly,
> use, disclose, distribute, print or copy any part of this message if you are
> not the intended recipient. MUFG, its affiliates and subsidiaries reserve the
> right to monitor all electronic communications through their respective
> networks.   Any views expressed in this message are those of the
> individual sender and do not constitute investment advice or
> recommendation, except where the message expressly states otherwise
> and the sender is authorized to furnish the same.  MUFG (and its
> subsidiaries) shall (will) not be liable for the message if modified.
>


============================================================
PLEASE NOTE: The MUFG logo and name is a service mark of Mitsubishi UFJ
Financial Group, Inc. ("MUFG") and may be used by it or other Group
companies for marketing purposes, including MUFG Americas Holdings
Corporation affiliates and subsidiaries. Lending, deposit, securities,
investment banking, and other banking services are provided by banking
and/or broker-dealer affiliates of MUFG, including, The Bank of Tokyo-
Mitsubishi UFJ, Ltd. ("BTMU"), MUFG Union Bank, N.A. ("MUB"), MUFG
Securities Americas Inc. ("MUSA"), and MUFG Securities (Canada), Ltd.
("MUS(CAN)"). MUB is an FDIC-insured bank. MUSA is a member of FINRA
and SIPC.  MUS(CAN) is a member of FINRA and IIROC.

This message is intended for the named addressee(s) only. It may contain
confidential, proprietary or legally privileged information. No confidentiality or
privilege is waived or lost by any mis-transmission. If you receive this
message in error, please delete it and all copies from your system, destroy
any hard copies and notify the sender. You must not, directly or indirectly,
use, disclose, distribute, print or copy any part of this message if you are
not the intended recipient. MUFG, its affiliates and subsidiaries reserve the
right to monitor all electronic communications through their respective
networks.   Any views expressed in this message are those of the
individual sender and do not constitute investment advice or
recommendation, except where the message expressly states otherwise
and the sender is authorized to furnish the same.  MUFG (and its
subsidiaries) shall (will) not be liable for the message if modified.



*111012822*
01/18/2018
0

This is a LEGAL COPY of your check. You can use it the same way you would use the original check

RETURN REASON-C
STOP PAYMENT

*21120001*
*16373*
*1*
*08087*

# STOP PAYMENT

**CASHIER'S CHECK**  0573010354

**UnionBank**
MUFG UNION BANK, N.A.
SAN FRANCISCO, CALIFORNIA
800-238-4486
19430 · 083

$\diamond\diamond\diamond\diamond\diamond\diamond$**70,000**.00

Seventy Thousand Dollars And No Cents          January 16, 2018

$ *****70,000.00

PAY TO THE ORDER OF

08 PAYMENT STOPPED

REMITTER:  COD USA INC

AUTHORIZED SIGNATURES

0006⑆  ⑈000 7000000⑆

IMPORTANT NEWS ABOUT A NEW FEDERAL LAW AFFECTING YOUR CANCELLED CHECKS: CHECK 21. The Federal Reserve Board provided the following language to help explain your rights under Check 21.  This disclosure applies only to accounts held by consumers.

IMPORTANT INFORMATION ABOUT YOUR CHECKING ACCOUNT
Substitute Checks and Your Rights

What is a substitute check?
To make check processing faster, federal law permits banks to replace original checks with "substitute checks". These checks are similar in size to original checks with a slightly reduced image of the front and back of the original check. The front of a substitute check states: "This is a legal copy of your check. You can use it the same way you would use the original check."  You may use a substitute check as proof of payment just like the original check.

Some or all of the checks that you receive back from us may be substitute checks. This notice describes rights you have when you receive substitute checks from us. The rights in this notice do not apply to original checks or to electronic debits to your account. However, you have rights under other law with respect to those transactions.

What are my rights regarding substitute checks?
In certain cases, federal law provides a special procedure that allows you to request a refund for losses you suffer if a substitute check is posted to your account (for example, if you think that we withdrew the wrong amount from your account or that we withdrew money from your account more than once for the same check).  The losses you may attempt to recover under this procedure may include the amount that was withdrawn from your account and fees that were charged as a result of the withdrawal (for example, bounced check fees).
The amount of your refund under this procedure is limited to the amount of your loss or the amount of the substitute check, whichever is less.  You also are entitled to interest on the amount of your refund if your account is an interest-bearing account.  If your loss exceeds the amount of the substitute check, you may be able recover additional amounts under other law.
If you use this procedure, you may receive up to $2,500 of your refund (plus interest if your account earns interest) within 10 business days after we receive your claim and the remainder of your refund (plus interest if your account earns interest) not later than 45 calendar days after we receive your claim.  We may reverse the refund later (including any interest on the refund) if we are able to demonstrate that the substitute check was correctly posted to your account.

How do I make a claim for a refund?
If you believe that you have suffered a loss relating to a substitute check that you received and that was posted to your account, please contact us at the phone number listed on your bank statement, or write to us at:
Bank of America
Attn: Research and Adjustments
PO Box 655961
Dallas, TX 75265-5961

You must contact us within 40 calendar days of the date that we mailed (or otherwise delivered by a means to which you agreed) the substitute check in question or the account statement showing that the substitute check was posted to your account, whichever is later.  We will extend this time period if you were not able to make a timely claim because of extraordinary circumstances.
Your claim must include:
. A description of why you have suffered a loss (for example, you think the amount withdrawn was incorrect);
. An estimate of the amount of your loss;
. An explanation of why the substitute check you received is insufficient to confirm that you suffered a loss; and
. A copy of the substitute check or the following information to help us identify the substitute check: the check number, the name of the person to whom you wrote the check, the amount of the check and the date of the check.

Wednesday, May 3, 2023 at 11:14:46 Pacific Daylight Time

| | |
|---|---|
| **Subject:** | FW: Union Bank |
| **Date:** | Friday, April 13, 2018 at 5:49:13 PM Pacific Daylight Time |
| **From:** | Barbara Tolbert |
| **To:** | Brian Horowitz |
| **Priority:** | High |
| **Attachments:** | IMG_4742.jpg, ATT00001.txt |

Brian,
Jan 19 th we had no access to getting any bank statements or anything it was frozen

-----Original Message-----
From: Barbara Tolbert
Sent: Friday, January 19, 2018 7:52 AM
To: Brian Horowitz <brianh@creativeoutdoordistributor.com>
Subject: Union Bank

BRIAN
Union bank still has a freeze

Page 1 of 1

**Wednesday, May 3, 2023 at 11:14:18 Pacific Daylight Time**

**Subject:** Re: Wire 12.27.17

**Date:** Thursday, January 18, 2018 at 11:22:49 AM Pacific Standard Time

**From:** Brian Horowitz

**To:** Kyle Connors

**CC:** Barbara Tolbert

The check made out to me and it cleared the bank so I don't understand how this can be. Thank

Brian Horowitz

> On Jan 18, 2018, at 11:18 AM, Kyle Connors <Kyle.Connors@unionbank.com> wrote:
>
> Hi Brian,
>
> I don't see that the cashier's check has cleared either. It is still in an issued status. I can check tonight and tomorrow morning to see if the status updates.
>
> Kyle Connors
> Senior Relationship Banker
>
> Direct 949 609 0023 | Fax 949 609 0026
> Foothill Ranch Office | 26472 Towne Centre Drive, Foothill Ranch CA 92610
> MC 4-573
> kyle.connors@unionbank.com
> NMLS #1158730
>
>
> -----Original Message-----
> From: Brian Horowitz [mailto:brianh@creativeoutdoordistributor.com]
> Sent: Thursday, January 18, 2018 11:12 AM
> To: Kyle Connors <Kyle.Connors@unionbank.com>
> Cc: Barbara Tolbert <barbarat@creativeoutdoordistributor.com>
> Subject: Re: Wire 12.27.17
>
> Kyle
>
> Please call me back. My bank said the cashier Check has not cleared yet. Can you get me a copy showing it cleared Please
>
> Brian Horowitz
>
>> On Dec 28, 2017, at 12:26 PM, Kyle Connors <Kyle.Connors@unionbank.com> wrote:
>>
>> For the account x2410 or x3115?
>>
>> Kyle Connors
>> Senior Relationship Banker
>>
>> Direct 949 609 0023 | Fax 949 609 0026 Foothill Ranch Office | 26472
>> Towne Centre Drive, Foothill Ranch CA 92610 MC 4-573
>> kyle.connors@unionbank.com NMLS #1158730

>>
>>
>>
>> -----Original Message-----
>> From: Brian Horowitz [mailto:brianh@creativeoutdoordistributor.com]
>> Sent: Thursday, December 28, 2017 12:23 PM
>> To: Kyle Connors <Kyle.Connors@unionbank.com>; Barbara Tolbert <barbarat@creativeoutdoordistributor.com>
>> Subject: RE: Wire 12.27.17
>>
>> Kyle
>>
>> Can someone from your branch print out Dec bank statement
>>
>> Thank you
>>
>> Brian Horowitz  | CEO| 25954 Commercentre Lake forest Calif 92630
>> 2: 212.913.9706 x 13 |Cell 909-225-9895  |   : 949-305-9687|  : Brianh@creativeoutdoordistributor.com
>>
>>
>>
>> -----Original Message-----
>> From: Kyle Connors [mailto:Kyle.Connors@unionbank.com]
>> Sent: Thursday, December 28, 2017 12:20 PM
>> To: Barbara Tolbert <barbarat@creativeoutdoordistributor.com>
>> Cc: Brian Horowitz <brianh@creativeoutdoordistributor.com>
>> Subject: RE: Wire 12.27.17
>>
>> Hi Barb,
>>
>> I called and the investigation is underway. I also sent a request on my side as well.
>>
>> Also, due to regulations, wires to China can sometimes take longer than with other countries or domestic wires, given the Holiday on Monday as well. Hoping for a response soon.
>>
>> Thanks,
>>
>> Kyle Connors
>> Senior Relationship Banker
>>
>> Direct 949 609 0023 | Fax 949 609 0026
>> Foothill Ranch Office | 26472 Towne Centre Drive, Foothill Ranch CA 92610 MC 4-573
kyle.connors@unionbank.com NMLS #1158730
>>
>>
>>
>> -----Original Message-----
>> From: Barbara Tolbert [mailto:barbarat@creativeoutdoordistributor.com]
>> Sent: Thursday, December 28, 2017 11:30 AM
>> To: Kyle Connors <Kyle.Connors@unionbank.com>
>> Cc: Brian Horowitz <brianh@creativeoutdoordistributor.com>
>> Subject: Wire 12.27.17
>> Importance: High
>>
>> Kyle,

>> Here is what I have sent them to do the investigation
>>
>> -----Original Message-----
>> From: Barbara Tolbert
>> Sent: Thursday, December 28, 2017 11:13 AM
>> To: 'Kyle Connors' <Kyle.Connors@unionbank.com>
>> Cc: Brian Horowitz <brianh@creativeoutdoordistributor.com>
>> Subject: Wire Transfer
>> Importance: High
>>
>> Kyle,
>>
>> I had done a wire on 12/22/2017 here is the confirmation but they have not rec to date, yes I have already sent this to the wire
>>
>> Department for questioning can you call and check for me please..
>>
>> Thanks
>>
>> BARB T
>>
>>
>>
>> 66 CROTEC INTERNATIONAL GROUP
>>
>> CO., LTD
>>
>> 2,472.00 USD 12/22/2017 CONFIRMED
>>
>>
>> ============================================================
>> PLEASE NOTE: The MUFG logo and name is a service mark of Mitsubishi UFJ Financial Group, Inc. ("MUFG") and may be used by it or other Group companies for marketing purposes, including MUFG Americas Holdings Corporation affiliates and subsidiaries. Lending, deposit, securities, investment banking, and other banking services are provided by banking and/or broker-dealer affiliates of MUFG, including, The Bank of Tokyo- Mitsubishi UFJ, Ltd. ("BTMU"), MUFG Union Bank, N.A. ("MUB"), MUFG Securities Americas Inc. ("MUSA"), and MUFG Securities (Canada), Ltd.
>> ("MUS(CAN)"). MUB is an FDIC-insured bank. MUSA is a member of FINRA and SIPC.  MUS(CAN) is a member of FINRA and IIROC.
>>
>> This message is intended for the named addressee(s) only. It may contain confidential, proprietary or legally privileged information. No confidentiality or privilege is waived or lost by any mis-transmission. If you receive this message in error, please delete it and all copies from your system, destroy any hard copies and notify the sender. You must not, directly or indirectly, use, disclose, distribute, print or copy any part of this message if you are not the intended recipient. MUFG, its affiliates and subsidiaries reserve the right to monitor all electronic communications through their respective
>> networks.   Any views expressed in this message are those of the
>> individual sender and do not constitute investment advice or recommendation, except where the message expressly states otherwise and the sender is authorized to furnish the same.  MUFG (and its
>> subsidiaries) shall (will) not be liable for the message if modified.
>>
>>
>> ============================================================
>> PLEASE NOTE: The MUFG logo and name is a service mark of Mitsubishi UFJ
>> Financial Group, Inc. ("MUFG") and may be used by it or other Group

>> companies for marketing purposes, including MUFG Americas Holdings
>> Corporation affiliates and subsidiaries. Lending, deposit, securities,
>> investment banking, and other banking services are provided by banking
>> and/or broker-dealer affiliates of MUFG, including, The Bank of Tokyo-
>> Mitsubishi UFJ, Ltd. ("BTMU"), MUFG Union Bank, N.A. ("MUB"), MUFG
>> Securities Americas Inc. ("MUSA"), and MUFG Securities (Canada), Ltd.
>> ("MUS(CAN)"). MUB is an FDIC-insured bank. MUSA is a member of FINRA
>> and SIPC.  MUS(CAN) is a member of FINRA and IIROC.
>>
>> This message is intended for the named addressee(s) only. It may contain
>> confidential, proprietary or legally privileged information. No confidentiality or
>> privilege is waived or lost by any mis-transmission. If you receive this
>> message in error, please delete it and all copies from your system, destroy
>> any hard copies and notify the sender. You must not, directly or indirectly,
>> use, disclose, distribute, print or copy any part of this message if you are
>> not the intended recipient. MUFG, its affiliates and subsidiaries reserve the
>> right to monitor all electronic communications through their respective
>> networks.   Any views expressed in this message are those of the
>> individual sender and do not constitute investment advice or
>> recommendation, except where the message expressly states otherwise
>> and the sender is authorized to furnish the same.  MUFG (and its
>> subsidiaries) shall (will) not be liable for the message if modified.
>>
>
> ============================================================
> PLEASE NOTE: The MUFG logo and name is a service mark of Mitsubishi UFJ
> Financial Group, Inc. ("MUFG") and may be used by it or other Group
> companies for marketing purposes, including MUFG Americas Holdings
> Corporation affiliates and subsidiaries. Lending, deposit, securities,
> investment banking, and other banking services are provided by banking
> and/or broker-dealer affiliates of MUFG, including, The Bank of Tokyo-
> Mitsubishi UFJ, Ltd. ("BTMU"), MUFG Union Bank, N.A. ("MUB"), MUFG
> Securities Americas Inc. ("MUSA"), and MUFG Securities (Canada), Ltd.
> ("MUS(CAN)"). MUB is an FDIC-insured bank. MUSA is a member of FINRA
> and SIPC.  MUS(CAN) is a member of FINRA and IIROC.
>
> This message is intended for the named addressee(s) only. It may contain
> confidential, proprietary or legally privileged information. No confidentiality or
> privilege is waived or lost by any mis-transmission. If you receive this
> message in error, please delete it and all copies from your system, destroy
> any hard copies and notify the sender. You must not, directly or indirectly,
> use, disclose, distribute, print or copy any part of this message if you are
> not the intended recipient. MUFG, its affiliates and subsidiaries reserve the
> right to monitor all electronic communications through their respective
> networks.   Any views expressed in this message are those of the
> individual sender and do not constitute investment advice or
> recommendation, except where the message expressly states otherwise
> and the sender is authorized to furnish the same.  MUFG (and its
> subsidiaries) shall (will) not be liable for the message if modified.
>

Wednesday, May 3, 2023 at 11:18:13 Pacific Daylight Time

**Subject:** Receipt: Direct Deposit Received

**Date:** Saturday, April 14, 2018 at 12:40:16 AM Pacific Daylight Time

**From:** Bank of America

**To:** Brian Horowitz



## Hi, COD USA INC., money was deposited into your account



| | |
|---|---|
| Amount: | $209.40 |
| Account: | BUSINESS CHECKING/SAVINGS ACCOUNT - **6566** |
| On: | April 14, 2018 |
| From: | WAL-MART STORES TRADE PYMT |
| Transaction number: | 1 |

| | |
|---|---|
| Amount: | $568.77 |
| Account: | BUSINESS CHECKING/SAVINGS ACCOUNT - **6566** |
| On: | April 14, 2018 |
| From: | HOME DEPOT 0537 EDI PAYMNT |
| Transaction number: | 2 |

## View deposit details

**Thank you for being our customer.**

**Page 1 of 2**

 **Your last sign-in was 04/13/2018**

To verify that this email is from Bank of America, confirm your last sign-in date is correct. To access Online or Mobile Banking, go directly to bankofamerica.com or use our Mobile Banking app.

**Remember:** We never ask for private information such as an account number, card PIN, or Social Security or Tax ID number in email messages. If you think an email is suspicious, don't click on any links. Instead, forward it to abuse@bankofamerica.com and delete it.

This is a service email from Bank of America. Please note that you may receive service emails in accordance with your Bank of America service agreements, whether or not you elect to receive promotional email. Please don't reply directly to this automatically generated email message.

Read our Privacy Notice.
Bank of America, N.A. Member FDIC. Equal Housing Lender 🏠
© 2018 Bank of America Corporation. All rights reserved.

This email was sent to: brianh@codusainc.com

# EXHIBIT 4

Page 1

NON-CONFIDENTIAL TRANSCRIPT

UNITED STATES DISTRICT COURT

CENTRAL DIVISION OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BRIAN HOROWITZ, | ) Deposition of: |
| | ) |
| Plaintiff, | ) BRIAN HOROWITZ |
| | ) |
| vs. | ) |
| | ) Case No. |
| CHEXSYSTEMS, INC., a | ) 8:22-cv-02002-DFM |
| foreign corporation,, and | ) |
| BANK OF AMERICA, N.A., a | ) |
| foreign corporation, | ) |
| | ) |
| Defendants. | ) |

November 7, 2023 * 9:00 a.m.

Videoconference Deposition

Witness Location:  Orange County, California

Reporter:   Lisa Bernardo, CSR, RPR

Videographer:  Erick Hall

Job No. CS6289985

Page 2

A P P E A R A N C E S

FOR THE PLAINTIFF:

Mark L. Javitch
JAVITCH LAW OFFICE
Attorneys at Law
3 East 3rd Avenue, Suite 200
San Mateo, California 94401
Tel: 650.781.8000
mark@javitchlawoffice.com

Gary Nitzkin
Attorney at Law
39111 6 Mile Road, Suite 142
Livonia, Michigan 48152
Tel: 248.353.2882
gnitzkin@creditor-law.com

FOR THE DEFENDANTS:

Samuel R. Melamed
SEVERSON & WERSON
Attorneys at Law
595 Market Street, Suite 2600
San Francisco, California 94105
Tel: 415.398.3344
srm@severson.com

-oOo-

I N D E X

BRIAN HOROWITZ:                                          PAGE

Examination by Mr. Melamed                                7
Examination by Mr. Javitch                             177

-oOo-

Page 3

E X H I B I T S

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Third Amended Notice of Deposition | 12 |
| Exhibit 2 | First Amended Complaint | 23 |
| Exhibit 3 | Plaintiff's First Supplemental Responses to Bank of America's Interrogatories | 24 |
| Exhibit 4 | January 16, 2018 $70,000 Cashier's Check | 28 |
| Exhibit 5 | Judgment by Confession | 30 |
| Exhibit 6 | $70,000 Deposit Slip | 32 |
| Exhibit 7 | January 2018 Bank Statement Account 2815 | 35 |
| Exhibit 8 | Emails between Brian Horowitz and Kyle Connors | 40 |
| Exhibit 9 | Email from Christopher Thompson to Brian Horowitz, April 13, 2018 | 45 |
| Exhibit 10 | Email from Brian Horowitz to Christopher Thompson - April 14, 2018 | 50 |
| Exhibit 11 | Orange County's Credit Union Letter July 28, 2021 | 60 |
| Exhibit 12 | CitiBank Letter | 62 |
| Exhibit 13 | Chex Consumers Report August 5, 2021 | 64 |
| Exhibit 14 | CONFIDENTIAL Dispute Report | 72 |
| Exhibit 15 | September 7, 2021 ChexSystems Letter to Brian Horowitz | 72 |
| Exhibit 16 | November 3, 2021 Bank of America Letter from Mr. Block | 78 |

Page 4

Exhibit 17    January 5, 2022 Bank of America
              Letter to Mr. Horowitz                82

Exhibit 18    Emails with NuVision                  92

Exhibit 19    CONFIDENTIAL
              Dispute Report                         99

Exhibit 20    October 19, 2022 ChexSystems
              Consumer Report                       101

Exhibit 21    July 28, 2021 Letter to Creative
              Arcades from Orange County's
              Credit Union                          121

Exhibit 22    Merchant Agreement                    124

Exhibit 23    Future Receivables Sale and Purchase
              Agreement with Fusion Funding         127

Exhibit 24    Standard Merchant Cash Advance
              Agreement with Novac Equities         131

Exhibit 25    Merchant Agreement with ProVenture    134

Exhibit 26    Stand Merchant Cash Advance
              Agreement with IFundExperts           136

Exhibit 27    Future Receivables Sale and Purchase
              Agreement with Beckham Capital, LLC   138

Exhibit 28    Plaintiff's Responses to Defendant
              Bank of America's Requests for
              Admission, Set One                    143

Exhibit 29    Plaintiff's Responses to Defendant
              ChexSystems, Inc.'s Interrogatories,
              Set One                               149

-o0o-

Page 5

P R O C E E D I N G S

THE VIDEOGRAPHER:  We are going on the record at 9:04 a.m. on November 7, 2023.  Please note that this deposition is being conducted remotely using virtual technology.  The quality of recording depends on the quality of camera and internet connection of participants.  What is seen from the witness and heard on the screen is what will be recorded.  Audio and video recording will continue to take place unless all parties agree to go off the record.

This is Media Unit 1 of the video recorded deposition of Brian Horowitz taken by counsel for defendants in the matter of Brian Horowitz versus ChexSystems, Inc. and Bank of America N.A., filed in the United States District Court, Central District of California, Southern District.  Case number 8:22-cv-02002-DFM.

My name is Erick Hall representing Veritext and I am the videographer.  The court reporter is Lisa Bernardo from the firm of Veritext. I am not related to any party in this action nor am I financially interested in the outcome.

If there are any objections to proceeding,

Page 6

please state them at the time of your appearance.

Counsel and all present will now state their appearances and affiliations for the record beginning with the noticing attorney.

MR. MELAMED:  Good morning.  My name is Sam Melamed.  I'm the attorney for defendants Bank of America, N.A. and ChexSystems, Inc.

MR. JAVITCH:  Mark Javitch on behalf of plaintiff Brian Horowitz.

MR. NITZKIN:  Gary Nitzkin, referring counsel on behalf of Brian Horowitz.

THE VIDEOGRAPHER:  Will the court reporter please swear in the witness and then counsel may proceed?

BRIAN HOROWITZ,

called as a witness, having been duly sworn, was examined and testified as follows:

MR. MELAMED:  Good morning, Mr. Horowitz. Before we go on the record, I would like to state a stipulation that counsel agreed to before we went on the record.  Specifically, any objections to any questions I ask today will be in the form of, quote, unquote, "objection" or "objection to form" or something similar.  The objecting counsel agrees not

Page 75

suspected fraud activity on the 2815 account.  You have also alleged that Bank of America failed to properly investigate this dispute; is that correct?

A.   Well, that's correct, yes.

Q.   Okay.  What should Bank of America have done that it did not do in investigating this August 2021 dispute?

MR. JAVITCH:  Objection.  You can answer.

THE WITNESS:  One, I'm not a bank investigator or expert, so common sense says I would follow -- contact Union Bank and ask for documents to what had happened, you know.  I stated very clearly in my dispute, that they said they verified, that I didn't stop payment on a check, and common sense says if Union Bank paid them, it was Union Bank's fault and Bank of America was negligent on not protecting me as a consumer.  They called it the word "fraud." Do you know how bad this has hurt me?  You know, this is with, the crap I have dealt with is terrible.

Q.   (By Mr. Melamed)  Okay.  So beyond contacting Union Bank, is there anything else Bank of America should have done in investigating this matter?

A.   Investigating means investigating.  They could have -- I talked to Chris Thompson.  He was --

I told him everything that went on.  I sent him every document that I had.  If I was trying to commit fraud, would I be sharing documents and communicating with your investigator?  Common sense says that I'm the victim here.

Q.    Okay.  Same question.  You have also alleged that ChexSystems failed to properly investigate your dispute.  Is there anything beyond what you have said as to Bank of America that you believe ChexSystems should have done differently in reaching this conclusion that the reporting was accurate?

MR. JAVITCH:  Objection.  You can answer.

THE WITNESS:  Well, ChexSystems, as reporting, has a fiduciary duty to verify when they're putting allegations on the report.  Their use of the word "fraud" is a big statement.  It's hurt me in a lot of ways and this is crap.  Nobody cared. Nobody investigated.  It's real simple.  If they got paid by Union Bank, then obviously Union Bank was the, you know, the party that was at fault, not me.

Q.    (By Mr. Melamed)  Is there any difference to you between suspected fraud and outright fraud?

MR. JAVITCH:  Objection.  You can answer.

THE WITNESS:  I think the word "fraud" in

Page 186

REPORTER'S CERTIFICATE

STATE OF UTAH              )
                          )  ss.
COUNTY OF SALT LAKE       )

                I, Lisa Bernardo, Registered Professional Reporter and Notary Public in and for the State of Utah, do hereby certify:

                That prior to being examined, the witness, BRIAN HOROWITZ, was by me duly sworn to tell the truth, the whole truth, and nothing but the truth;

                That said deposition was taken down by me in stenotype on November 7, 2023, at the place therein named, and was thereafter transcribed and that a true and correct transcription of said testimony is set forth in the preceding pages;

                I further certify that, in accordance with Rule 30(e), a request having been made to review the transcript, a reading copy was sent to Mr. Javitch for the witness to read and sign and then return to me for filing with Mr. Melamed.

                I further certify that I am not kin or otherwise associated with any of the parties to said cause of action and that I am not interested in the outcome thereof.

                WITNESS MY HAND AND OFFICIAL SEAL this 20th day of November, 2023.

*Lisa Bernardo*

                Lisa Bernardo, CSR, RPR

Case 8:22-cv-02002-DFM    Document 64    Filed 02/27/24    Page 84 of 88    Page ID
Plaintiffs Doc production        Horowitz v. BOA #2497 Confidential

**EXHIBIT 5**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

MARIGOLD FUNDING LLC,

Plaintiffs,

-against-

CREATIVE OUTDOOR DISTRIBUTORS
USA, INC. / COD USA INC D/B/A
CREATIVE OUTDOOR and HEATHER
SMULSON,

Defendants.

Index No.: EF-00 5339-2017

**JUDGMENT BY CONFESSION**

| | | |
|---|---|---|
| Amount Confessed…………………………………….. | | $108,750.00 |
| Payments Made……………………………………… | - | $19,980.00 |
| Interest (@16% from *July 10, 2017*)………………… | + | $ 155.65 |
| Total……………………... | | $ 88,925.65 |
| Statutory Fee…………………………………… $ 15.00 | | |
| Filing Fee…………………………………………$ 210.00 | | |
| Legal Fees…………………………….... $29,294.10 (33%) | | |
| Cost Total………….. | | + $29,519.10 |
| Judgment Total ……………… | | $ 118,444.75 |

COSTS TAXED @ $ _____

ACTING DEPUTY COUNTY CLERK

**ATTORNEY'S AFFIRMATION**

STATE OF NEW YORK, COUNTY OF ORANGE

The undersigned, an attorney at law of the State of New York, affirms that he is one of the attorneys of **The Rubin Law Firm, PLLC**, attorneys for the Plaintiff herein and states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount and affirms this statement to be true under the penalties of perjury.

Dated: July 14, 2017

_____/s/_____
David Szalyga, Esq.
The Rubin Law Firm, PLLC, *Attorneys for Plaintiff*
11 Broadway, Suite 814
New York, NY 10004
T.212-804-7012

Case 8:22-cv-02002-DFM    Document 64    Filed 02/27/24    Page 85 of 88    Page ID
Plaintiffs Doc production         Horowitz v #2498 onfidential

JUL 17 2017

JUDGMENT entered the ___ day of _____, 2017.

On filing the foregoing Affidavit of Confession of Judgment made by the defendant herein, sworn to the 25th of March, 2017.

NOW, ON MOTION OF The Rubin Law Firm, PLLC, attorneys for Plaintiff it is

ADJUDGED that Plaintiff, MARIGOLD FUNDING LLC, located at 200 Middlesex Essex Turnpike, Ste 308, Iselin, NJ 08830, has judgment and does recover of Defendant CREATIVE OUTDOOR DISTRIBUTORS USA, INC. / COD USA INC D/B/A CREATIVE OUTDOOR, having an address at 16902 Von Karman Ave Ste B Irvine CA 92606, and Defendant HEATHER SMULSON having an address at 26432 Via Marina, Mission Viejo CA 92691 jointly and severally, the sum of $88,770.00 plus interest at sixteen percent (16%) as calculated by the clerk in the amount of $_155.65_, plus costs and disbursements as taxed by the Clerk in the amount of $225.00, plus reasonable attorney's fees in the amount of $29,294.10 for a total sum of $_118,444.75____; and that the Plaintiff MARIGOLD FUNDING LLC shall have execution therefor.

_____
ACTING DEPUTY COUNTY CLERK
Clerk

Debtors

CREATIVE OUTDOOR DISTRIBUTORS USA, INC. / COD USA INC D/B/A CREATIVE OUTDOOR
16902 Von Karman Ave Ste B
Irvine CA 92606

HEATHER SMULSON
26432 Via Marina,
Mission Viejo CA 92691

Horowitz_000005

Case 8:22-cv-02002-DFM    Document 64    Filed 02/27/24    Page 86 of 88    Page ID
Plaintiffs Doc production          Horowitz v B2499onfidential                     #2499

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF _____

————————————————————————X

MARIGOLD FUNDING LLC.
- Plaintiff,                                                           Index No. ___EF005339-2017___

-against-
                                                                      AFFIDAVIT OF
                                                                      CONFESSION OF
                                                                      JUDGMENT

CREATIVE OUTDOOR DISTRIBUTORS USA, INC. / COD
USA INC D/B/A CREATIVE OUTDOOR and HEATHER
SMULSON- Defendants.
————————————————————————X

STATE OF _CALIFORNIA_

COUNTY OF _ORANGE_

        Heather Smulson, being duly sworn, hereby deposes and says; that Deponent is the Owner of Defendant CREATIVE OUTDOOR DISTRIBUTORS USA, INC. / COD USA INC D/B/A CREATIVE OUTDOOR, and that he/she is duly authorized to make this affidavit (the "Affidavit") on behalf of himself/herself and on behalf of all of the Defendants herein:

        The Defendants (referred to hereinafter jointly and severally as the "Judgment Debtors/Defendants") all jointly and severally hereby Confess Judgment herein, and authorize entry of judgment against them as the Judgment Debtors/Defendants in the sum of (a) $ 108,750.00, less any receivables delivered, plus (b) interest thereon at 16% per annum from the date of default to the date of the entry of the Judgment, and (c) all of the costs and disbursements, and an additional sum for (d) legal fees to Plaintiff calculated at 33% of the total of all of the aforesaid sums. Such amount shall be set-forth in an affidavit under oath by Plaintiff, which shall be attached hereto and filed contemporaneously with this Confession of Judgment.

        Deponent resides at 26432 Via Marina, Mission Viejo, CA 92691 and CREATIVE OUTDOOR DISTRIBUTORS USA, INC. / COD USA INC D/B/A CREATIVE OUTDOOR is located at 16902 Von Karman Ave Ste.B Irvine, CA 92606. Judgment Debtors/Defendants authorize entry of Judgment against each and every one of them in any and all Counties in the State of New York, as well as in each and every State, County and foreign country where they reside and/or do business at any time hereafter, which addresses are not in New York State.

        This confession of judgment is for an obligation due to Plaintiff arising from CREATIVE OUTDOOR DISTRIBUTORS USA, INC. / COD USA INC D/B/A CREATIVE OUTDOOR's failure to deliver to Plaintiff, CREATIVE OUTDOOR DISTRIBUTORS USA, INC. / COD USA INC D/B/A CREATIVE OUTDOOR's accounts-receivable, which were purchased by Plaintiff pursuant to the Agreement for the Purchase and Sale of Future Receipts dated MAY 25, 2017 (hereinafter, the "Agreement") and Debtors/Defendants' breach thereof. This Affidavit is made in connection with the Agreement and is solely for the purchase of commercial or business commodities. This Affidavit may be filed ex parte by Plaintiff, without further notice. Agreed-upon interest, reasonable attorneys' fees, costs and disbursements, are to be included as agreed-upon by Debtors/Defendants, under the secured Agreement, of which supporting documents include a Personal Guarantee of Performance and a UCC-1 financing statement(s).

By: _____

Heather Smulson, Individually and on behalf of CREATIVE
OUTDOOR DISTRIBUTORS USA, INC. / COD USA INC
D/B/A CREATIVE OUTDOOR

Sworn to before me this

__MAY 25TH__, 2017

_____
        Notary

HORMOZ DALAEI
Commission # 2026618
Notary Public - California
Orange County
My Comm. Expires May 31, 2017

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _ORANGE_
Subscribed and sworn to (or affirmed) before me this __25th__ day of __MAY__, 20_17_ by _HEATHER E. SMULSON_
_____ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature _____ (Seal)

Horowitz_000006

3 of 5

Case 8:22-cv-02002-DFM   Document 64   Filed 02/27/24   Page 87 of 88   Page ID
Plaintiffs Doc production        Horowitz v BOA Confidential
#2500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

MARIGOLD FUNDING LLC,

Plaintiff,

-against-

CREATIVE OUTDOOR DISTRIBUTORS
USA, INC. / COD USA INC D/B/A
CREATIVE OUTDOOR and HEATHER
SMULSON,

Defendants.

EF 005339-2017

Index No.:

Plaintiff Affidavit

STATE OF _____ ) ss.:

COUNTY OF _____ )

Amir Wasiullah, being duly sworn deposes and says:

1.     I am the Manager of Plaintiff MARIGOLD FUNDING LLC ("Plaintiff") and am duly authorized to make this affidavit in support of Plaintiff's application of entry of judgment by confession pursuant to CPLR § 3218 against Defendants, CREATIVE OUTDOOR DISTRIBUTORS USA, INC. / COD USA INC D/B/A CREATIVE OUTDOOR and HEATHER SMULSON (collectively the "Defendants") based on an Affidavit of Confession of Judgment.

2.     On or about May 25, 2017, Plaintiff and Defendants entered into an Agreement for the Purchase and Sale of Future Receipts (the "Agreement") whereby Plaintiff purchased all rights to Defendants' future receivables having an agreed upon value of $108,750.00.

3.     In addition, HEATHER SMULSON executed a personal guarantee of performance, guaranteeing CREATIVE OUTDOOR DISTRIBUTORS USA, INC. / COD USA INC D/B/A CREATIVE OUTDOOR's performance of its obligations under the Agreement.

Horowitz_000007

Case 8:22-cv-02002-DFM    Document 64    Filed 02/27/24    Page 88 of 88    Page ID
Plaintiffs Doc production          Horowitz v. BOA Confidential
#2501
8

4.    On or about May 25, 2017, HEATHER SMULSON notarized and executed and delivered into Plaintiff's possession, a notarized Confession of Judgment, authorizing Plaintiff to enter judgment against Defendants, jointly and severally, in the event of Defendants' breach of the Agreement.

5.    Defendants agreed to deliver $108,750.00 worth of receivables as set forth in the Agreement less any receivables delivered. Defendants have delivered $19,980.00 to date.

6.    On or about July 10, 2017, Defendants defaulted under the terms of the Agreement. Although, upon information and belief, CREATIVE OUTDOOR DISTRIBUTORS USA, INC. / COD USA INC D/B/A CREATIVE OUTDOOR is still conducting regular business operations and still in receipt of accounts-receivable.

7.    In addition, Defendants agreed to accrued interest on the undelivered receivables valued at $88,770.00 calculated at sixteen percent (16%) and legal fees of $29,294.10, calculated at thirty three percent (33%).

WHEREFORE, Plaintiff MARIGOLD FUNDING LLC respectfully request that the Court enter judgment against Defendants, CREATIVE OUTDOOR DISTRIBUTORS USA, INC. / COD USA INC D/B/A CREATIVE OUTDOOR and HEATHER SMULSON, in the amount of $88,770.00, plus interest fees calculated at sixteen percent and attorney's fees of $29,294.10, in addition to costs and disbursements, and that the Court grant such other and further relief as this Court deems just and proper.

Sworn to me before this

14 day, of July, 2017

OLGA YUDINA
Notary Public - State of New York
NO. 01YU6310884
Qualified in Westchester County
My Commission Expires Sep 2, 2018

Amir Wasiullah

Horowitz_000008